IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUTUMN SISTO                                                                                      PLAINTIFF

v.                                         CIVIL NO. 22-cv-5069

ANDREW SAUL, Commissioner                                                          DEFENDANT
Social Security Administration

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Autumn Sisto, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background**

Plaintiff protectively filed her applications for DIB and SSI on August 7, 2019, and September 9, 2019. (Tr. 12). In her applications, Plaintiff alleged disability beginning on March 31, 2016, due to bipolar disorder, severe depression, and anxiety and panic disorder. (Tr. 12, 285). An administrative hearing was held on March 18, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 12, 35-60). At the hearing, Plaintiff amended her alleged onset date to March 11, 2017. (Tr. 12, 37).

On June 15, 2021, the ALJ issued an unfavorable decision. (Tr. 9–26). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that

1

were severe: disorder of the back, degenerative changes of the hips, obesity, asthma, bipolar disorder with cluster B traits, major depression, ADHD, panic disorder with agoraphobia, PTSD, and alcohol abuse. (Tr. 15–16). The ALJ found Plaintiff had medically determinable but nonsevere impairment of hypertension, and that Plaintiff's right ankle sprain of 2018 and wrist issues were not medically determinable impairments that had lasted at least 12 months. *Id*. After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16–18). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except that the claimant must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation. The claimant can perform work where interpersonal contact is routine but superficial (e.g., a grocery checker). The tasks should be no more complex than those learned by experience with several variables and judgment within such limits. The supervision should be little for routine tasks but detailed for non-routine tasks.
> (Tr. 18–20).

With the help of a vocational expert, the ALJ found Plaintiff would be unable to perform any of her past relevant work but would be able to perform the representative occupations of merchandise marker, routing clerk, and collator operator. (Tr. 25–26). The ALJ found Plaintiff was not disabled from March 11, 2017, through the date of his decision. (Tr. 26). Plaintiff requested a review of the hearing decision by the Appeals Council, which was denied on February 8, 2022. (Tr. 1–4). Subsequently, Plaintiff filed this action. (ECF No. 2). This matter is before the undersigned for report and recommendation pursuant to 28 USC §636 (b). Both parties have filed appeal briefs. (ECF Nos. 15, 18). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

II. **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if the ALJ reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III.   Discussion

Plaintiff raises the following on appeal: 1) whether the ALJ erred in failing to fully and fairly develop the record; 2) whether the ALJ erred at Step Two, and later by failing to include appropriate work limitations for Plaintiff's panic disorder with agoraphobia and PTSD; 3) whether the ALJ erred in his RFC assessment as the mental RFC was supported only by non-examining opinions and the physical RFC was not supported by any opinion evidence; and 4) whether the ALJ erred in assessing Plaintiff's subjective complaints and performing his *Polaski* analysis. (ECF No. 15).

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most that a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This assessment includes medical records, observations of treating physicians and others, and the claimant's own description of her

limitations. *Guilliams v. Barhart*, 393 F. 3d 798, 801 (8th Cir. 2005). *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations arising from symptoms such as pain are also factored into the assessment. 20 C.F.R. §404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

The ALJ considered the opinions of state agency consultants Ben Johnson, M.D., and Robert Redd, M.D., and found both opinions unpersuasive in light of additional medical evidence submitted at the hearing level and testimony. (Tr. 24). The ALJ did not consider evidence from any treating physician regarding Plaintiff's physical RFC in his opinion and, despite Plaintiff's request for a physical consultative examination, the ALJ did not collect any examining source opinion evidence. (Tr. 38). While an ALJ is under no specific duty to procure an RFC assessment from each treating physician, the ALJ must base his opinion on some medical evidence that addresses Plaintiff's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d at 1092; *See Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002) (court may remand for taking of further evidence where ALJ fails to develop record fully); and, *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir.2001) (reversible error for ALJ not to order consultative examination where such evaluation is necessary to make informed decision). The ALJ appropriately discounted the opinions of Dr. Johnson and Dr. Redd because they did not have access to new evidence, including the imaging received at the hearing level and emergency care records. (Tr. 24). However, as these

5

were the only medical opinions available that concerned Plaintiff's physical RFC, finding these opinions unpersuasive left the ALJ without any opinion evidence which would allow him to make an informed decision.

The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC. On remand, the ALJ is directed to obtain RFC assessments from the Plaintiff's treating physicians, allowing the treating physicians the opportunity to provide an explanation for the limitations assigned should the ALJ have questions. If those physicians are unwilling or otherwise unable to complete the RFC assessments, then the ALJ is directed to order a consultative examination, complete with a detailed RFC assessment of the Plaintiff's limitations. The ALJ should then reassess the Plaintiff's RFC, taking into account all of her impairments, and conduct a thorough step four and, if necessary, step five analysis.

### IV.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 8th day of May 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE