**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**AUTUMN S. SISTO**                                                                                              **PLAINTIFF**

V.                                            **CASE NO. 5:22-CV-5069**

**COMMISIONER,**
**Social Security Administration**                                                               **DEFENDANT**

**OPINION AND ORDER**

  Before the Court is the Report and Recommendation ("R&R") (Doc. 19) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas. The R&R advises the Court to reverse the decision of the Administrative Law Judge ("ALJ") and remand Plaintiff Autumn S. Sisto's case to the Social Security Administration to more fully and fairly develop the record regarding her Residual Functional Capacity, or "RFC." *See id.* at p. 6.

  The Commissioner filed Objections to the R&R (Doc. 21), arguing that remand is unnecessary because there was sufficient evidence in the record from which the ALJ could make an informed decision about Ms. Sisto's RFC. Pursuant to 28 U.S.C § 636(b)(1), when a party makes specific objections to a portion of a magistrate judge's R&R, the district court must conduct a *de novo* review of the contested findings and recommendations. The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

  The Court has now conducted its *de novo* review of the record. In regard to certain aspects of Ms. Sisto's RFC, namely, the limitations he imposed that were related to her mental/emotional impairments (i.e., restrictions on interpersonal contact, special supervision requirements, and ability to handle complex tasks), *see* Doc. 12, p. 24, the

1

Court agrees with the Commissioner that the ALJ had sufficient evidence to make an informed decision. However, the ALJ's opinion was not supported by substantial evidence with respect to physical limitations in the RFC, including the finding that Ms. Sisto was able to perform "light work," as that term is defined in 20 C.F.R. § 416.967(b), provided she was not "expos[ed] to fumes, odors, dusts, gases, and poor ventilation"—an additional condition the ALJ presumably included to address Ms. Sisto's asthma. The Court agrees with the Magistrate Judge that the ALJ must seek a consultative medical opinion regarding a new MRI and X-rays of Ms. Sisto's back and hips and updated documentation about the possible worsening of her asthma symptoms—and the impact, if any, that the new medical evidence has on her ability to work.

      Ms. Sisto testified at the hearing that she suffered from "musculoskeletal pain with trouble lifting even small amounts of weight," could not stand for more than "10 to 15 minute[s] at a time," could not sit for more than "30 to 45 minutes at a time," had difficulty "walking straight" and had "limited mobility," and experienced "severe asthma exacerbated by environmental irritants and exertion." (Doc. 12, pp. 24–25). Along with this testimony, the ALJ received at or around the time of the hearing some new imaging data that "reveal[ed] lumbar disc disease and degenerative changes of the hips as well as . . . evidence of emergency care treatment for abnormal lung sounds." *Id.* at p. 30. He observed that consulting doctors Ben Johnson and Robert Redd "did not have the opportunity to consider the evidence secured at the hearing level," and, for that reason alone, the ALJ deemed the doctors' RFC opinions "unpersuasive" and disregarded them. *See id.*

Rather than order a consultative medical review of the recently submitted evidence, it appears the ALJ took it upon himself to interpret the new evidence and determine that that an RFC of "light work" with certain conditions was sufficient to address Ms. Sisto's new or worsening physical ailments.  *See id.* at p. 24   The Commissioner argues in Objections to the R&R that the ALJ did not err in crafting the RFC, since "an RFC assessment need not be supported by a treating or examining physician opinion." (Doc. 21, p. 2).  Certainly, an ALJ "is not limited to considering medical evidence exclusively," *Harvey v. Colvin*, 839 F.3d 714, 717 (8th Cir. 2016) (citation omitted), nor is he "required to discuss every piece of evidence submitted," *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted); but it is also true that an ALJ's determination of RFC "must be supported by medical evidence that addresses the claimant's ability to function in the workplace," *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).  An ALJ—though well versed in disability law and familiar with reviewing medical records—is not a medical doctor.  To the extent he relies on a particular piece of medical evidence in making an RFC finding, he can report what the evidence plainly states, but he lacks the discretion to go a step further and interpret the evidence's implications on the claimant's ability to perform discrete job tasks.  *See Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on [her] ability to work." (citing *Cox v. Apfel*, 160 F.3d 1203, 1209–10 (8th Cir. 1998)).

A case illustrating the above principle is *Dixon v. Barnhart*, 324 F.3d 997, 1002 (8th Cir. 2003).  In *Dixon*, the ALJ interpreted the results of a claimant's cardiac test to mean that he was physically able to lift a certain amount of weight on the job.  The Eighth Circuit

3

ordered remand, finding that "[t]he record need[ed] to be more fully developed regarding what specifically the cardiolite test results, among other information, mean[t] *relative to claimant's ability to work*," and then admonished the ALJ for "engaging in medical conjecture." *Id.* (emphasis added). The instant case is similar to *Dixon* and merits remand for the same reasons. Here, the new imaging data and emergency room evidence received at the hearing level were compelling enough to cause the ALJ to disregard earlier RFC opinions by reviewing doctors, since they lacked access to the new evidence. But the ALJ was obligated to seek professional medical guidance on how the recent evidence potentially affected Ms. Sisto's ability to work.

The Commissioner argues the ALJ's opinion should be affirmed because he gave Ms. Sisto the benefit of the doubt as to the severity of her physical conditions when he examined the new medical evidence and crafted her RFC. In effect, the Commissioner encourages the Court to affirm the ALJ because Ms. Sisto is unlikely to be deemed disabled even after doctors review the new medical evidence. This is pure speculation, which the Court will not engage in. The Objections are **OVERRULED** for the reasons stated.

**IT IS ORDERED** that the Report and Recommendation (Doc. 19) is **ADOPTED IN ITS ENTIRETY**, and the case is **REVERSED AND REMANDED** for further consideration pursuant to sentence four of 42 U.S.C. § 405(g) and the Magistrate Judge's specific recommendations.

**IT IS SO ORDERED** on this 25th day of September, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE